IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

N.L.D., LONNZO LEE HARPER,
and TAMESHIA R. DAVIS,

                      Plaintiffs,                  OPINION and ORDER

    v.

                                                  19-cv-50-jdp

CRESTWOOD ELEMENTARY SCHOOL,

                      Defendant.

---

Plaintiffs Lonnzo Lee Harper and Tameshia R. Davis have filed this lawsuit on their own behalf and on behalf of their son N.L.D., alleging that N.L.D. was injured on the playground at Crestwood Elementary School in Madison. The court has allowed plaintiffs to proceed *in forma pauperis*.

Because plaintiffs are proceeding *in forma pauperis*, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must read plaintiffs' pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept their allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Harper filed a complaint signed only by himself. Dkt. 1. After the clerk of court returned the complaint, stating that Davis had not signed it, *see* Dkt. 4, she submitted a second complaint, signed only by her. Dkt. 5. I will consider the two complaints together. But even together, plaintiffs' allegations are sparse and there are problems with the combined complaint that I must address.

I take plaintiffs to be alleging that N.L.D. was a student at Crestwood Elementary School and that he has attention-deficit/hyperactivity disorder (ADHD) for which he takes medication. In January 2019, N.L.D. was injured on the playground when he walked or ran into a pole. Plaintiffs say that he "was sitting next to two staff [members] and a kid ask[ed] him to come play the drums [so he] started to go play the drums and didn't stop running." Dkt. 5, at 2. Plaintiffs say that "[the school has] safety precautions for kids with different needs" but that all of the children are placed together for recess. Dkt. 1, at 3. They say that because of the accident, N.L.D. "may need false teeth for the rest of his life." *Id.* at 4. Plaintiffs say that they do not know precisely what happened, but they suggest that N.L.D. should have been better monitored because of his ADHD and the medication he was taking. I am not sure whether they mean that the two staff members N.L.D. was sitting by were supposed to be paying extra attention to him or that they should have done something once he got up to run.

There are two major problems with plaintiffs' allegations. First, they name N.L.D. as a plaintiff, but they cannot represent him by themselves without counsel. *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."); *see also Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993) ("A parent may sue on behalf of his or her minor child as a next friend if the parent is represented by counsel and has no interests that conflict with those of the child.").

Second, even if N.L.D. were represented by counsel, there is a larger problem: plaintiffs' allegations do not support claims over which this federal court may exercise jurisdiction. On each of the complaint forms plaintiffs submit, they check the box stating that they are suing under state law, which makes sense because the most obvious claims they might bring in this

2

lawsuit are ones for negligence under Wisconsin law. But if the only claims they bring are under state law, this court cannot exercise jurisdiction over the case unless they establish complete "diversity of citizenship" among the parties—that is, the plaintiffs are citizens of different states than the defendants—and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In each of their complaints, plaintiffs say that they are Wisconsin citizens. The city of Madison is also a Wisconsin citizen, so this court cannot exercise diversity jurisdiction over the state-law claims.

The diversity-jurisdiction problem would not matter if plaintiffs stated claims for relief under federal law. Pro se plaintiffs are generally not required to plead legal theories, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), so their failure to name any federal theories here does not in itself doom the case. But my own research does not reveal any federal claims that plaintiffs may pursue, at least not given their current allegations. *See, e.g.*, *Edwards v. Sch. Dist. of Baraboo*, 570 F. Supp. 2d 1077, 1084 (W.D. Wis. 2008) (dismissing parents' federal-law claims under Individuals with Disabilities Education Act, Americans with Disabilities Act, and Due Process Clause of the United States Constitution). In limited circumstances, government actors could be liable for an injury under the Due Process Clause when the actor "affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (internal quotation omitted). But this type of "state-created danger" claim is limited to cases in which the government's failure to protect the individual "shock[s] the conscience." *Id.* at 827–28 (internal quotation omitted). Plaintiffs' current allegations do not meet that standard.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d),

3

"each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). At this point, plaintiffs fail to explain why this is not simply a negligence case that belongs in state court. Their allegations do not plausibly show that school staff's actions or inactions subjected N.L.D. to danger that could support a federal due process claim under the state-created danger doctrine.

I will dismiss plaintiffs' current complaint. If they believe that the facts of this case support a due process claim under the state-created danger doctrine, then they may file an amended complaint better explaining why they believe that this is so. They should draft their amended complaint as if they were telling a story to people who know nothing about the events at issue. In particular, they should explain why the danger N.L.D. faced was beyond that which any child faces on the playground, and what school employees did or did not do to subject N.L.D. to that danger. Because at present plaintiffs sue only the city, they should also explain whether school employees' actions or inactions were the result of a school policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipality may held liable under 42 U.S.C. § 1983 only if the municipality has a policy or custom that causes a constitutional violation.).

If plaintiffs' new allegations fail to state a federal claim for relief, or if they do not respond to this order, I will dismiss the case for lack of subject-matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiffs' complaint, Dkt. 1 and Dkt. 5, is DISMISSED for failure to comply with Federal Rule of Procedure 8.

2. Plaintiffs may have until June 10, 2019, to submit an amended complaint.

Entered May 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge